UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sergio Gonzalez, | ) |
|     Plaintiff, | ) Case No. |
| v. | ) |
| Fair Jin Group, Inc., | ) |
|     Defendant, | ) |

**COMPLAINT**

Plaintiff Sergio Gonzalez files this Complaint against Fair Jin Group, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation and attorneys' fees. Plaintiff alleges as follows:

**PARTY**

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Fair Jin Group, Inc. ("Fair Jin") is a corporation with its principal place of business at 701 Highland Ave., Atlanta, Georgia 30312-1476 in this judicial district and division.

3. At all times throughout the relevant period, Fair Jin operated and transacted business during the relevant period as the ZUMA Sushi & Sake Bar restaurant located at 701 Highland Ave. Ne, Atlanta, Georgia 30312.

4. Fair Jin's registered agent is Tao Hua Jin, 2401 Fairlie Drive, Duluth, GA, 30096.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Fair Jin transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

7. Fair Jin operates as a ZUMA Sushi & Sake Bar where Plaintiff worked and was denied earned wages including overtime.

8. At all times throughout the relevant period, Plaintiff was an "employee" of Fair Jin and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

9. At all times throughout the relevant period, Fair Jin was the "employer" of the Plaintiff.

10. At all times throughout the relevant period, Fair Jin had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. At all times throughout the relevant period, Fair Jin was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

## FACTS

12. The relevant period for this action is three years prior to the filing of this Compliant, December 6, 2013 until December 6, 2016.

13. Fair Jin operates the restaurant ZUMA Sushi & Sake Bar located at 701 Highland Ave. Ne, Atlanta, Georgia 30312.

14. Fair Jin employed Plaintiff as a dishwasher and kitchen helper.

15. Fair Jin employed Plaintiff for approximately a three-month period, from approximately July 2016 until September 2016.

16. Plaintiff was a non-exempt employee under the FLSA.

17. Plaintiff was paid a regular hourly rate of pay and worked in excess of 40 hours per week.

18. Fair Jin willfully refused to pay Plaintiff his earned wages and overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

19. Plaintiff repeat and reallege each paragraph above as though it were fully set forth at length herein.

20. At all times throughout the relevant period, Fair Jin was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. At all times throughout the relevant period, Fair Jin employed Plaintiff within the meaning of the FLSA.

22. At all times throughout the relevant period, Fair Jin had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per work week.

23. As a result of Fair Jin's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Fair Jin violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

24. Fair Jin's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. Due to Fair Jin's FLSA violations, Plaintiff was damaged by Fair Jin's refusal to pay proper wages and is entitled to recover actual damages, an equal

amount in liquidated damages, and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Fair Jin:

    A.    An award of compensation for unpaid overtime wages to Plaintiff;

    B.    An award of liquidated damages to Plaintiff;

    C.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

    D.    Such other and further relief as this Court deems just and proper.

This 6th day of December, 2016.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

ATTORNEYS FOR THE
PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.