UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sergio Gonzalez, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-04507 |
| ) | |
| v. ) | |
| ) | |
| Fair Jin Group, Inc., ) | |
| ) | |
| Defendant, ) | |
| ) | |

## MOTION TO APPROVE SETTLEMENT

**COMES NOW** Plaintiff Sergio Gonzalez requests that the Court approve the settlement agreement entered by Plaintiff and Defendant settling and releasing claims under the Fair Labor Standards Act ("FLSA"). In support of this Motion, the Parties jointly state as follows:

1. Plaintiff filed this lawsuit against Defendants on December 7, 2016 (the "Lawsuit") asserting certain wage and hour claims relating to the time that Plaintiff was employed as a dishwasher in Defendant's restaurant.

2. Plaintiff alleges that he was denied overtime for those hours worked in excess of forty (40) hours per workweek.

3. Since the filing of the lawsuit, Plaintiff and Defendant have worked

together in an effort to resolve the issues raised in the Lawsuit and other issues between the Parties.

4. During these efforts, Plaintiff raised certain issues with respect to potential claims he may have against Defendant outside the Fair Labor Standards Act ("FLSA").

5. Plaintiff and Defendants believe they have resolved the claims they may have had against each other. Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. *See, e.g., Lynn's Food Stores v. United States ex rel. United States Department of Labor,* 679 F.2d 1350, 1352-53 (11th Cir. 1982). In this case, no complaint was filed with the U.S. Department of Labor. This Court, therefore, is the proper entity to approve the settlement. *Id.* at 1353.

6. Counsel for Plaintiff and Defendants reached a settlement through arm's length negotiations between them. Plaintiff and Defendants, and their respective attorneys, have discussed and consider the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable.

7. The settlement amount is $3,000.00, which resolves claims with alleged actual damages of $1,466.08 (plus an equal amount in liquidated damages for a total damage calculation of $2,932.16), plus attorneys' fees of over $2,000, and costs of filing the lawsuit and service of over $500.

8. Accordingly, the Parties respectfully request the Court review and confirm the Settlement Agreement's fairness and an order approving it. The Parties attach a proposed order for the Court's consideration as Exhibit 1.

Respectfully submitted, this January 13, 2017.

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E., Suite 950
Atlanta, GA 30309
(404) 876-8100 Telephone
(404) 876-3477 Facsimile
chall@hallandlampros.com
gordon@hallandlampros.com
*Attorneys for Plaintiffs*