IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 26 2017

James N. Hatten, Clerk
By: /s/ McCau, Deputy Clerk

SERGIO GONZALEZ,

    Plaintiff

v.

FAIR JIN GROUP, INC.,

    Defendant

CIVIL ACTION NO.
1:16-CV-4507-ODE

ORDER

    This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiff Gonzalez' Motion to Enforce Settlement [Doc. 9]. For the reasons stated below, Gonzalez' Motion to Enforce Settlement [Doc. 9] is GRANTED.

I. **Background**

    On December 6, 2016 Plaintiff Gonzalez filed this case against his former employer Fair Jin Group, Inc. (hereinafter "Fair Jin") [Doc. 1]. Gonzalez' Complaint alleged that Fair Jin failed to pay Gonzalez overtime wages due under the FLSA, 29 U.S.C. §§ 201 *et seq.* [Doc. 1].

    On January 13, 2017 Gonzalez filed a Motion to Approve Settlement [Doc. 7]. Attached to the Motion was a Settlement Agreement signed by both parties [Doc. 7-1]. Gonzalez' signature was dated January 13, 2017 [Id. at 5]. The Settlement Agreement indicated that Gonzalez and Fair Jin wished to settle all claims Gonzalez had against Fair Jin [Id. § 1]. In return for settling these claims, Fair Jin agreed to pay Gonzalez and his counsel a total of $3,000 in two payments of $1,500 each [Id. § 3]. The first $1,500 payment was due within 30 days after Gonzalez signed; the second

$1,500 payment was due within 60 days after Gonzalez signed [Id. § 4]. The first payment was thus due on or before February 12, 2017; the second payment was due on or before March 14, 2017. On January 20, 2017 the Court approved the Settlement Agreement [Doc. 8].

On July 6, 2017 Gonzalez filed a Motion to Enforce Settlement [Doc. 9]. Fair Jin's Response to the Motion to Enforce Settlement was due on or before July 20, 2017. LR 7.1(B), NDGa. Fair Jin did not file a Response. Accordingly, this Motion is now ripe before the Court.

## II. Discussion

In his Motion to Enforce Settlement, Gonzalez argues that he is entitled to the overdue second $1,500 payment plus attorneys' fees incurred in seeking payments due under the Settlement Agreement [Doc. 9]. In support of his Motion, Gonzalez first notes that Fair Jin paid the first $1,500 payment under the Settlement Agreement on March 20, 2017 more than a month after it was due [Id. at 5]. Further, Fair Jin only made this late payment after Gonzalez' counsel emailed Fair Jin six times and telephoned Fair Jin several times seeking payment after the payment deadline had passed, and after Gonzalez twice extended the payment deadline [Id. at 3-5, Doc. 9-2].

Since the deadline for the second payment passed in mid-March, Gonzalez' counsel has emailed Fair Jin seven times and telephoned Fair Jin at least seven times to seek payment [Docs. 9 at 5-11, 9-3]. The second payment is now more than three months overdue, and Fair Jin has not made this payment [Doc. 9 at 11]. Thus, Gonzalez argues he is entitled to an Order enforcing Fair Jin's obligation to make the second $1,500 payment, and to an award of $1,550, the amount of

2

his reasonable attorney's fees incurred in seeking payments due under the Settlement Agreement, including bringing the Motion to Enforce Settlement [Doc. 9]. Gonzalez supports his arguments by attaching the Settlement Agreement [Doc. 9-1], and email chains related to the first [Doc. 9-2] and second [Doc. 9-3] payments due under the Settlement Agreement. Gonzalez also includes a declaration from one of his attorneys concerning the untimely payment of the first $1,500 due under the Settlement Agreement, the non-payment of the second $1,500 due, and the reasonableness of the attorneys' fees sought [Doc. 9-4]. Finally, Gonzalez includes billing data supporting the attorneys' fees sought [Doc. 9-5].

### A.  Enforcing the Settlement

A district court ordinarily has the power to enforce a settlement agreement entered into by litigants while litigation is pending before the Court. Mass. Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1972) (*per curiam*).[1] Because a settlement agreement is contractual in nature, it is "governed by state law applicable to contracts in general." Blum v. Morgan Guar. Tr. Co. of N.Y., 709 F.2d 1463, 1467 (11th Cir. 1983) (citing Fla. Educ. Ass'n, Inc. v. Atkinson, 481 F.2d 662 (5th Cir. 1973)). The Settlement Agreement here is governed by Georgia contractual law [Doc. 7-1 ¶ 9].

Gonzalez alleges that Fair Jin breached the Settlement Agreement by not making the second payment due under that agreement [Doc. 9]. To have a claim for breach of contract under Georgia law, there must

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit issued on or before September 30, 1981.

3

be 1) a breach, 2) damages from the breach, and 3) the damages must be to a party with the right to complain about the breach. <u>Bates v. JPMorgan Chase Bank, NA</u>, 768 F.3d 1126, 1130 (11th Cir. 2014) (citing <u>Norton v. Budget Rent A Car Sys., Inc.</u>, 307 Ga. App. 501 (Ga. Ct. App. 2010)). The breach complained of "must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires." <u>Kuritzky v. Emory Univ.</u>, 294 Ga. App. 370, 371 (Ga. Ct. App. 2008).

Here, Fair Jin clearly breached the Settlement Agreement when it failed to make the second payment due under the Agreement. Gonzalez has been damaged by Fair Jin's failure to make payment, and as a party to the Settlement Agreement, Gonzalez has the right to complain about the breach. For those reasons, Gonzalez' Motion to Enforce Settlement [Doc. 9] is GRANTED as to his request to enforce Fair Jin's obligation to make the second payment of $1,500 due under the Settlement Agreement.

### B.  **Attorneys' Fees**

Gonzalez does not specify the statute under which he is entitled to attorneys' fees [Doc. 9]. However, he does indicate that "[b]ecause of Defendant's conduct [failing to make timely payments under the Settlement Agreement without cause for the failures] and Plaintiff's repeated attempts to seek payment . . . Plaintiff's counsel submits that fees should be awarded for being forced to filed this Motion" [<u>Id.</u> at 1]. The Court thus assumes that Gonzalez seeks an award of attorneys' fees under Georgia law.

Attorneys' fees and expenses are generally not allowed as damages under Georgia law. Code Ga. Ann. § 13-6-11. They may, however, be allowed where the plaintiff has specially pled them, and

4

where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Id. Under the Settlement Agreement, Fair Jin was required to make two timely payments of $1,500 each. Fair Jin's failure to do so has led Gonzalez to incur the unnecessary trouble and expense of repeated phone calls and emails to Fair Jin seeking payment, and ultimately required Gonzalez to file the instant Motion to Enforce Settlement. As a result, Gonzalez is entitled to reasonable attorneys' fees.

Gonzalez has requested a total award of $1,550 in attorneys' fees for 6.5 hours of work [Docs. 9, 9-4 at 5, 9-5]. That $1,550 is made up of three components. First, Gonzalez seeks $315 for 0.7 hours of work at a rate of $450 per hour for attorney Christopher B. Hall, who is a partner at Plaintiff's counsel's firm and who has nearly twenty years of legal experience [Docs. 9-4 at 6-7, 9-5]. Second, Gonzalez seeks $1,147.50 for 5.1 hours of work at a rate of $225 per hour for associate attorney Gordon Van Remmen [Docs. 9-4 at 7, 9-5]. Finally, Gonzalez seeks $87.50 for 0.7 hours of work at a rate of $125 per hour for Adriana Ibarra Vazquez who was a foreign legal consultant with Plaintiff's counsel's firm [Id.]. Having reviewed the fees sought and the evidence supporting those fees, the Court finds the fees reasonable. On this basis, Gonzalez' Motion to Enforce Settlement [Doc. 9] is GRANTED as to his request for $1,550 in attorneys' fees.

III. Conclusion

In conclusion, for the reasons stated above, Gonzalez' Motion to Enforce Settlement [Doc. 9] is GRANTED. Plaintiff Sergio Gonzalez is entitled to receive from Defendant Fair Jin Group, Inc. a payment of

$1,500 due under the Settlement Agreement. In addition, Plaintiff is entitled to receive from Defendant reasonable attorneys' fees in the amount of $1,550. Defendant Fair Jin Group, Inc. is hereby DIRECTED to pay Plaintiff Gonzalez $3,050 via a check made payable to: Hall & Lampros IOLTA for the benefit of Sergio Gonzalez. Said payment is to be delivered to Plaintiff's counsel within ten (10) days of the date of entry of this Order.

SO ORDERED, this 25 day of July, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE